UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| LIBERTY NATURAL PRODUCTS, INC., | ) | |
| Plaintiff, | ) | 03:11-cv-00264-HU |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| VALERIE HAWK HOFFMAN, SUNRISE HERBAL REMEDIES, INC., Dissolved, and SAGE ADVICE OF PALM BEACH, INC., Dissolved, | ) | |
| Defendants. | ) | |

Philip F. Schuster, II
Dierking & Schuster
3565 NE Broadway Street
Portland, OR 97232
(503) 335-7765
(503) 281-1983 (fax)
schuster@pcez.com

　　　Attorney for Plaintiff

Robert C. Kline, Jr.
Kline Law Offices, PC
American Bank Building
621 SW Morrison Street, Suite 140
Portland, OR 97204
(503) 224-6246
(503) 222-5779 (fax)
rob@klinelawpc.com

　　　Attorney for Defendants

FINDINGS AND RECOMMENDATION     1

HUBEL, Magistrate Judge:

## Introduction

Currently before the court is plaintiff Liberty Natural Products, Inc.'s (hereinafter "Plaintiff") motion (doc. #4) to remand this proceeding to the Circuit Court of the State of Oregon for the County of Clackamas. For the reasons set forth below, Plaintiff's motion should be DENIED.

## Background

Plaintiff originally filed this action against Valerie Hawk Hoffman ("Hoffman"), Sunrise Herbal Remedies, Inc. ("Sunrise"), and Sage Advice of Palm Beach, Inc. ("Sage Advice") (collectively "Defendants") on January 20, 2011, in Clackamas County Circuit Court.[1] (Notice of Removal (doc. #1) at 12-15.) Plaintiff set forth a single claim for wrongful use of civil proceedings in violation of ORS 31.230(1)[2] and sought $7,058 in damages. (*Id.* 12-13.) On February 7, 2011, Plaintiff sought leave to amend its complaint against Defendants. (*Id.* at 18.) Plaintiff claims that all Defendants had notice of Plaintiff's Amended Complaint on or about February 11, 2011. (Decl. Philip Schuster (doc. #6) ¶ 5.) The Amended Complaint requested consequential damages of $9,367.69

---

[1] On April 13, 2009, in a previous lawsuit, Plaintiff obtained a general judgment against Defendants in Clackamas County Circuit Court. (Notice of Removal (doc. #1) at 20-21.) The court found Defendants jointly and severally liable on Plaintiff's first claim, in the sum of $67,446.90, and their second claim, in the sum of $69,198.20. (*Id.*)

[2] It must be noted that, "a claim for damages for wrongful use of a civil proceeding shall be brought in an original action *after* the proceeding which is the subject matter of the claim is concluded." ORS 31.230(3) (emphasis added).

FINDINGS AND RECOMMENDATION        2

and punitive damages of $200,000 based on counterclaims that were allegedly wrongfully prosecuted against them in a previous proceeding. (*Id.* ¶ 4, 6.)

Defendant Valerie Hawk Hoffman ("Hoffman"), a *pro se* litigant at the time, filed Notice of Removal in this court on March 2, 2011. (Notice of Removal (doc. #1) at 1.) The Notice of Removal was mailed by Hoffman from Maine and states:

> *Defendants* ask to remove this action to the U.S. DISTRICT COURT for the District of Oregon, Portland Division, on the following grounds:
>
> Per U.S.[C]. 1332(a) Diversity jurisdiction, [t]he defendant is living outside the state of Oregon and the amount in controversy exceeds the sum or value of $75,000[.]
>
> WHEREFORE, *Defendants* pray that this action be removed from circ[u]it court for the State of Oregon for the county of Clackamas to this court.

(*Id.*) (emphasis added). Plaintiff filed the present motion to remand to state court on March 23, 2011. (Doc. #4.)

**Legal Standard**

Remand is governed by 28 U.S.C. § 1447(c), which provides in pertinent part that:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c) (2006).

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to

FINDINGS AND RECOMMENDATION        3

the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.2003) ("Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed"). Furthermore, "[a]ny civil action of which the district courts have [federal question jurisdiction] shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999), *overruled on other grounds, Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir.2006). Additionally, the defendant has the burden of showing that it has complied with the procedural requirements for removal. *Schwartz v. FHP Int'l Corp.*, 947 F. Supp. 1354, 1360 (D. Ariz.1996).

**Discussion**

Hoffman removed this action on March 2, 2011, which was nineteen days after Plaintiff claims she had notice of the Amended Complaint on February 11, 2011. (Decl. Philip Schuster (doc. #6) ¶ 5.) Pursuant to § 1446(b), "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (2006). Here, once Plaintiff filed their Amended Complaint, this

FINDINGS AND RECOMMENDATION        4

action became removable because the amount in controversy exceeded $75,000 with the addition of a claim for punitive damages. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (noting that the plaintiff's "state law claims also authorized treble damages and attorney's fees, as well as punitive damages" and "the district court could have taken these additional damages into account when determining the amount in controversy"). Hoffman's removal was therefore timely in this instance. However, Plaintiff raises several arguments which they believe justify remanding this case to Clackamas County Circuit Court. Each of Plaintiff's arguments will be addressed in turn.

### I. Diversity of Citizenship

Plaintiff claims removal is improper because the court lacks diversity jurisdiction. (Pl.'s Reply (doc. #11) at 2.) Curiously, Plaintiff spends much of his time trying to establish that Hoffman is domiciled in Florida rather than Maine. (*Id.*; Decl. James Dierking (doc. #14) ¶¶ 2-4, Ex. 1, 2.) The reason being, according to Plaintiff, since Hoffman and Sage Advice are both citizens of Florida, complete diversity does not exist in this case. (Pl.'s Reply (doc. #11) at 2.)

Plaintiff's argument misses the mark entirely. A defendant "may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005); *see also In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("[E]ach defendant must be a citizen of a different state from each plaintiff.") "[A] corporation is 'deemed to be a

FINDINGS AND RECOMMENDATION      5

citizen' [] of 'any State by which it has been incorporated' and 'of the State where it has its principal place of business.'" *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 (2006) (quoting 28 U.S.C. § 1332(c)(1)).  An individual's state citizenship, for diversity purposes, is determined by the state in which they're domiciled.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).

   Here, Plaintiff is an Oregon corporation with its principal place of business in Oregon.  (Defs.' Resp. (doc. #9) at 2.) Sunrise is a dissolved corporation formerly incorporated in Connecticut with a principal place of business in Florida.  (*Id.*) Sage Advice is a dissolved corporation formerly incorporated in Florida with a principal place of business in Florida as well. (*Id.*)  It is therefore irrelevant whether Hoffman is a citizen of Maine or Florida, as long as she is not a citizen Oregon, which she is not.  Accordingly, complete diversity exists in the case at bar since each defendant is a citizen of a different state from each plaintiff, and no defendant is a citizen of the forum state of Oregon.

**II.   Consent to Removal**

   Plaintiff argues that the case must be remanded to state court because all three defendants have not joined or consented to removal.  (Mem. Supp. Mot. Remand (doc. #5) at 1.)  Plaintiff essentially claims that all three defendants needed to sign the

FINDINGS AND RECOMMENDATION        6

Notice of Removal in order for it to be effective. (*Id.* at 5.) The court disagrees.

Plaintiff first claims that, "[t]he absence of the signatures of attorneys or other duly authorized representatives . . . of Sunrise and Sage Advice corporations demonstrates insufficient compliance with Rule 11 requirements. (Mem. Supp. Mot. Remand (doc. #5) at 5.) In support of its positions, Plaintiff relies on *Beard v. Lehman Bros. Holdings, Inc.*, 458 F.Supp. 2d 1214 (M.D. Ala. 2006). In *Beard*, an assistant had signed a notice of removal on behalf of two attorneys. *Id.* at 1316. In regards to compliance with Rule 11's signature requirement, the *Beard* court found that, although it was alleged that the attorneys authorized the signatures on the Notice of Removal, such authorization is insufficient compliance with Rule 11. *Id.* at 1319. *Beard* further concluded that while "[t]his signature defect may seem trivial, [] the failure to comply with the Rule 11 requirement . . . prevents successful joinder in the removal petition by [the attorney's] clients, which is a substantial procedural defect." *Id.*

The court finds *Hernandez v. Creative Concepts, Inc.*, No. 10-CV-02132, 2011 WL 1770928 (D. Nev. May 9, 2011), instructive on this matter and more analogous to the case at bar than *Beard*. In *Hernandez*, a consent to removal was signed by the *pro se* defendant, John Speidel ("Speidel") on behalf of himself and two corporate Defendants, Creative Concepts Inc., and Speidel Enterprises, Inc. ("the corporate Creative Concept Defendants"). *Id.* at *3. *Hernandez* made the pertinent observation that, "[t]he Ninth Circuit does not require a consent to removal to be given in any particular form." *Id.* at *4 (citing *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d

FINDINGS AND RECOMMENDATION       7

1208, 1225 (9th Cir. 2009)). While a removal notice must be signed pursuant to Federal Rule of Civil Procedure ("Rule") 11, "the removing party can remove an action by representing, consistent with Rule 11, that the other defendants consent to removal without providing a written consent from the other defendants. The Ninth Circuit thus does not require a corporate defendant to make a formal appearance through counsel to consent to removal." *Id*. In any event, such a procedural defect may be cured, at the court's discretion, "by obtaining joinder of all defendants prior to the entry of judgment." *Id*. at *5 (quoting *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011)). Ultimately, *Hernandez* found that, "[b]ecause the Ninth Circuit does not require a consent be in any particular form, the corporate Creative Concepts Defendants did not have to file a formal document which would require attorney representation in this action. . . . Plaintiffs present no evidence or argument that Speidel did not consent for the corporate Defendants, or that he lacks the authority to do so." *Id*. at *4. Speidel's consent on behalf of the corporate Creative Concept Defendants therefore sufficed. *Id*. at *5.

Similarly, in this case, Hoffman's consent on behalf of Sage Advice and Sunrise suffices. The Notice of Removal is only signed by Hoffman, but suggests that all defendants are seeking removal by using the plural form of the word "defendant" on two separate occasions. While Plaintiff vehemently contests Hoffman signing on behalf of Sage Advice and Sunrise, Plaintiff's original complaint filed in Clackamas County characterizes Hoffman as Sunrise and Sage Advice's "CEO and alter ego." (Notice of Removal (doc. #1) at 12.) It thus seems reasonable that Hoffman would, and did, purport to

FINDINGS AND RECOMMENDATION        8

act on Sunrise and Sage Advice's behalf if she is as alleged, their "CEO and alter ego."

In short, based on the record before the court and the principles delineated in *Hernandez*, the court has determined that Hoffman, as the removing party, adequately represented that Sunrise and Sage Advice consented to removal without providing their written confirmation. Accordingly, as in *Hernandez*, I recommend the motion to remand be denied to the extent it is based on the purported failure to obtain Sage Advice and Sunrise's consent.

### III. Failure to State Grounds For Removal

Next, Plaintiff argues that remand is warranted because Hoffman failed to state the basis for removal jurisdiction in its notice of removal. (Mem. Supp. Mot. Remand (doc. #5) at 7.) Specifically, Plaintiff claims that the Notice of Removal fails to properly allege a short and plain statement of federal subject-matter jurisdiction, "or, more importantly, diversity jurisdiction." (*Id.*) Plaintiff then argues that "the Notice of Removal fails to allege complete or any diversity of citizenship of the remaining two corporate defendants," Sunrise and Sage Advice. (*Id.* at 8.)

In *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008), the Fourth Circuit addressed the specificity required in alleging diversity jurisdiction within a notice of removal. *Id.* at 199. *Ellenburg* recognized that, § 1446(a) requires that a notice of removal only contain a "short and plain statement of the grounds for removal." *Id.* While, notice of removal is not a pleading as defined by Rule 7(a), § 1446(a)'s language is deliberately parallel to the requirements for notice

FINDINGS AND RECOMMENDATION    9

pleading found in Rule 8(a). *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, (2007)). After detailing the legislative history behind § 1446(a), which confirmed *Ellenburg's* interpretation, the court concluded that:

> [I]t was inappropriate for the district court to have required a removing party's notice of removal to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint. Therefore, just as a plaintiff's complaint sufficiently established diversity jurisdiction if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds . . . the sum specified by 28 U.S.C. § 1332 . . . so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner.

*Id.* at 200 (internal citation and quotation marks omitted).[3] However, should the opposing party challenge the jurisdictional allegations, as is the case here, "the party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *Id.* (quoting *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006)).

Here, Hoffman's notice states that, pursuant to § 1332(a), removal is based on diversity jurisdiction and the amount in controversy exceeds $75,000. Applying *Ellenburg*, the court finds Hoffman's allegations are sufficient since she alleges that diversity exists and the amount in controversy exceeds the sum

---

[3] *See also Silva v. Wells Fargo Bank NA*, No. CV 11-3200 GAF, 2011 WL 2437514, at *3 (C.D. Cal. June 16, 2011) (citing *Ellenburg* for the same proposition); *see also* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3733 (3d ed. 1998) (Stating that, "the better rule is that detailed grounds for removal need not be set forth in the notice. . . . [T]he same liberal rules employed in testing the sufficiency of a pleading should apply to appraise the sufficiency of a defendant's notice of removal.")

FINDINGS AND RECOMMENDATION    10

specified under § 1332.  Plaintiff has challenged Hoffman's jurisdictional allegations, however, as detailed above, the court has determined that Hoffman has met her burden of demonstrating that removal was proper.  Accordingly, remand is not warranted on this ground.

**IV.   Prejudice to Plaintiff**

Here, Plaintiff disagrees with Defendants' position that denying the motion to remand will result in no prejudice to Plaintiff, nor does it interfere with the court's ability to effectively adjudicate this dispute. (Pl.'s Reply (doc. #11) at 6.)  Notably, Plaintiff points out that they're seeking punitive damages against Defendants, which, under Oregon's split-recovery statute, ORS 31.735(1)(b), entitles the State of Oregon ("the State") to sixty percent of any punitive damages award.[4] Plaintiff claims that, "[s]ince punitive damages are implicated, the [S]tate . . . may chose to intervene, under [Rule] 24(a), as a judgment creditor party, to exercise its substantive right to recover its statutory portion of any punitive damage award." (*Id.* at 7.)  Plaintiff goes on to proclaim, "[s]trong prudential considerations against removal are reinforced in this case because the [S]tate . . . should be permitted to exercise it sovereign power, through its state court system and Department of Justice, to collect a punitive damage award against party defendants who have abused its state court processes and administration of justice." (*Id.*)

---

[4] The statute applies to cases decided under Oregon law in federal court.  *DeMendoza v. Huffman*, 334 Or 425, 51 P.3d 1232, 1235-37 (2002).

FINDINGS AND RECOMMENDATION     11

The court finds this argument unavailing because, "[u]nder Oregon state procedure, the State can merely be identified as a judgment creditor in the judgment and need not intervene as a party." *Enquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1001 (9th Cir. 2007). Remand is therefore not warranted on this ground.

## Conclusion

For the reasons stated above, Plaintiff's motion (doc. #4) to to remand this proceeding to Clackamas County Circuit Court should be DENIED.

## Scheduling Order

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due September 20, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due October 7, 2011. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 2nd day of September, 2011.

/s/ Dennis J. Hubel

Dennis James Hubel
United States Magistrate Judge