**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | | |
|---|---|---|
| **LIBERTY NATURAL PRODUCTS, INC.,** | ) | |
| Plaintiff, | ) | 03:11-cv-00264-HU |
| vs. | ) | **OPINION AND ORDER** |
| **VALERIE HAWK HOFFMAN, SUNRISE HERBAL REMEDIES, INC.,** Dissolved, and **SAGE ADVICE OF PALM BEACH, INC.,** Dissolved, | ) | |
| Defendants. | ) | |

Philip F. Schuster, II
Dierking & Schuster
3565 NE Broadway Street
Portland, OR 97232
(503) 335-7765
(503) 281-1983 (fax)
schuster@pcez.com

    Attorney for Plaintiff

William D. Brandt
William D. Brandt, PC
880 Liberty Street NE
Salem, OR 97301
(503) 485-4168
(503) 364-6735 (fax)
bill@brandtlawoffices.com

    Attorney for Defendants

OPINION AND ORDER        1

HUBEL, Magistrate Judge:

This matter comes before the court on plaintiff Liberty Natural Products, Inc.'s (hereinafter, "Plaintiff") motion for partial summary judgment; defendants Valerie Hoffman ("Hoffman"), Sunrise Herbal Remedies, Inc. ("Sunrise"), and Sage Advice of Palm Beach Inc.'s ("Sage Advice") (collectively, "Defendants") cross-motion for summary judgment; Defendants' motion for leave to file a first amended answer; and Defendants' motion to strike various portions of James Dierking's ("Dierking") supplemental declaration and Plaintiff's reply memorandum. The parties have given full consent to adjudication of the case by a magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, Plaintiff's motion (dkt. #33) for partial summary judgment is **GRANTED** in part and **DENIED** in part; Defendants' cross-motion (dkt. #51) for summary judgment is **DENIED**; Defendants' motion (dkt. #72) for leave is **GRANTED**; and Defendants' motion (dkt. #77) to strike is **GRANTED** in part and **DENIED** in part.

### *I.  FACTUAL AND PROCEDURAL BACKGROUND*

As a preliminary matter, Plaintiff has requested that I take judicial notice of the Complaint, Answer, General Judgment, and Supplemental Judgement from the Clackamas County proceeding. It is well settled that courts "may take judicial notice of court filings and other matters of public record" because they are "readily verifiable and, therefore, the proper subject of judicial notice." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Accordingly, with respect to the aforementioned court filings, Plaintiff's request for judicial notice is granted.

OPINION AND ORDER                2

Plaintiff has also presented the court with hearing transcripts from the Clackamas County proceeding. It is not entirely clear whether Plaintiff is requesting that I take judicial notice of the hearing transcripts. To the extent Plaintiff is making such a request, it is denied.

On November 6, 2008, Defendant prosecuted two counterclaims against Plaintiff in a case filed in Clackamas County Circuit Court. (Schuster Decl. Ex. 2.) Both counterclaims were for breach of contract. (Schuster Decl. Ex. 2.) Under the first counterclaim, Defendants sought $76,400 for allegedly damaged and expired product, and $300,000 for the alleged resulting loss of business. (Schuster Decl. Ex. 2.) The second counterclaim sought $100,000 based on Plaintiff's alleged sale of Defendants' product known as "Chill Out." (Schuster Decl. Ex. 2.)

On April 13, 2009, Plaintiff obtained a general judgment against Defendants, which provided, in pertinent part, that:

> Following closing argument, the court pronounced its judgment in favor of the Plaintiff against the Defendants Valerie Hawk Hoffman, Sunrise Herbal Remedies, Inc. and Sage Advice, Inc., jointly and severally, on its first claim, in the sum of $67,466.90, with pre-judgment interest thereon as set forth hereafter, together with further judgment in favor of the Plaintiff against the Defendants Valerie Hawk Hoffman, Sunrise Herbal Remedies, Inc. and Sage Advice, Inc., jointly and severally, on its second claim, in the sum $69,198.20[.]

(Schuster Decl. Ex. 3.)

On August 11, 2009, a Supplemental Judgment was entered in favor of Plaintiff, which stated:

> Plaintiff is entitled to an enhanced prevailing party fee in the sum of $5,500, per ORS 20.190. **The court finds that Defendants against whom judgment was granted herein filed counterclaims and/or defenses that were not objectively reasonable** and were filed in an effort to gain leverage in settlement negotiations.

OPINION AND ORDER    3

> **The court finds that the same Defendants, through Valerie Hoffman, repeatedly offered false testimony and exhibits in trial of this matter.** The court also finds that the Defendants did not act with diligence in trying to settle Plaintiff's claims.
> **The court,** in awarding attorney fees to the Plaintiff under ORS 20.105, **finds that the Defendant against whom judgment was entered had no objectively reasonable basis to counterclaim against Plaintiff for an alleged overpayment of Plaintiff's account.** The Defendants did not raise the alleged overpayment in a series of emails between the parties months before trial when Plaintiff's account was being discussed. [] **Defendant Hoffman at trial fabricated an exhibit to support the claim of overpayment and testified falsely regarding it.**

(Schuster Decl. Ex. 4) (emphasis added). Based on the court's findings, judgment was entered against Hoffman, Sunrise, and Sage Advice, but the court denied Plaintiff's demand that the judgment be entered against Defendants' counsel under ORS 105.160. (Schuster Decl. Ex. 4.)

On January 20, 2011, Plaintiff filed the present action against Defendants in Clackamas County Circuit Court.[1] Plaintiff set forth a single claim for wrongful use of civil proceedings in violation of ORS 31.230(1)[2] and sought $7,058 in damages. On February 7, 2011, Plaintiff sought leave to amend its complaint. The Amended Complaint requested consequential damages of $9,367.69

---

[1] The following facts are taken from this court's September 2, 2011 Findings and Recommendation. (Dkt. #16.)

[2] "[A] claim for damages for wrongful use of a civil proceeding shall be brought in an original action *after* the proceeding which is the subject matter of the claim is concluded." OR. REV. STAT. 31.230(3) (2009) (emphasis added).

OPINION AND ORDER              4

and punitive damages of $200,000 based on the counterclaims that Plaintiff argues were wrongfully prosecuted against them.[3]

Defendants timely filed their notice of removal in this court on March 2, 2011. Plaintiff subsequently moved to remand the proceeding to Clackamas County Circuit Court; however, on September 2, 2011, that motion was denied.

## *II.  LEGAL STANDARD*

### *A.  Motion for Summary Judgment*

Summary judgment is appropriate "if pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Summary judgment is not proper if factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Thus, summary judgment should be entered against "a party who fails to

---

[3] Plaintiff's motion for partial summary judgment indicates that they are now requesting "a reduced amount of $5,432.66 as consequential damages." (Pl.'s Mem. Supp. Mot. Summ. J. at 4 n.3.)

OPINION AND ORDER              5

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovick v. Life Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981).

However, deference to the nonmoving party has limits. The nonmoving party must set forth "specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e). The "mere existence of a scintilla of evidence in support of plaintiff's positions [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

### B.  *Motion to Strike*

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter" on their own initiative or pursuant to a party's motion. FED. R. CIV. P. 12(f). Granting a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244

OPINION AND ORDER                6

(9th Cir. 1990). Motions to strike are disfavored and should not be granted unless it "can be shown that no evidence in support of the allegation would be admissible." *Pease & Curren Ref., Inc. v. Spectrolab, Inc.*, 744 F. Supp. 945, 947 (C.D. Cal. 1990) (internal quotation marks omitted), *abrogated on other grounds by Stanton Rd. Ass'n v. Lohrey Enters.*, 984 F.2d 1015 (9th Cir. 1993).

### *III. PRELIMINARY PROCEDURAL MATTERS*

#### *A. Leave to Amend*

Pursuant to Rule 15(a), Defendants seek leave to amend their answer to add an affirmative defense of advice of counsel. "Advice of counsel, if sought in good faith and if given after full disclosure of information in the possession of the accuser establishes probable cause as a matter of law," *Hartley v. Water Res. Dept.*, 77 Or. App. 517, 520 (1986), which, in turn, negates an essential element of a claim for misuse of civil proceedings. *See Pereira v. Thompson*, 230 Or. App. 640, 674 (2009) (recognizing one element of a claim for wrongful initiation of a civil proceeding as the "absence of probable cause to prosecute the action.") But to utilize that defense, a defendant must plead it. *Id.* at 675.

In determining whether to grant a motion to amend, the court should consider (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) prior amendments to the pleading. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355-56 (9th Cir. 1996).

Plaintiff opposes Defendants' motion for leave to amend, arguing that the doctrine of issue preclusion renders amendment futile. It well established that futility alone *can* justify the denial of a motion for leave to amend, but the Ninth Circuit has

also repeatedly stressed that the court must remain guided by the underlying purpose of Rule 15, *e.g.*, to facilitate decision on the merits, as opposed to procedural technicalities. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

As discussed further below, neither party in this case has cited an Oregon appellate court decision that addresses whether findings that arise out of a proceeding under ORS 20.105 should be given preclusive effect.[4]  With respect to the probable cause element, I am hesitant to conclude Defendants should be deprived of their right to a jury trial without the guidance of an Oregon Court of Appeals or Supreme Court decision.  Nor do I believe that such a determination is necessary at this time, considering (1) Plaintiff's motion for partial summary judgment is denied on other grounds and (2) the record before me regarding the Clackamas County proceeding is quite limited.

That said, because amendments should be granted with "extreme liberality" in order to facilitate decision on the merits, *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), Defendants' motion for leave to file a first amended answer and affirmative defense is **GRANTED.**

### B. Evidentiary Objections

Pursuant to Rule 12(f), Defendants have moved to strike various paragraphs in Dierking's supplemental declaration, exhibits

---

[4] ORS 20.105 provides that a prevailing party against whom a claim is brought is entitled to reasonable attorney fees "to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim defense or ground for appeal." OR. REV. STAT. § 20.105(1) (2009).

OPINION AND ORDER               8

attached thereto, and portions of Plaintiff's reply memorandum. During oral argument, it was alleged that Defendants' counsel failed to confer with opposing counsel prior to filing his motion to strike. Because Plaintiff's counsel was willing to make certain concessions, the parties were able to agree to rulings with respect to the following motions:

- <u>Motion No. 4</u>: Defendants moved to strike Paragraph 12 of Dierking's supplemental declaration, which pertains to an itemization of proceedings involving the parties in Oregon, Maine, Connecticut, and Florida. To the extent Paragraph 12 of Dierking's supplemental declaration concerns litigation other than that which took place in Clackamas County before Judge Maurer, Plaintiff has conceded this motion.
- <u>Motion No. 5</u>: Defendants moved to strike Paragraph 13 of Dierking's supplemental declaration, which pertains to fees expended by Plaintiff in an attempt to execute and collect its judgments entered against Defendants and attorney's fees incurred by Plaintiff in this case. Plaintiff has conceded this motion to the extent it relates to litigation taking place in Florida or Maine.
- <u>Motion No. 7</u>: Defendants moved to strike a portion of page 6 of Plaintiff's reply memorandum, which references Defendants' "long history of abusive practices" and the proceedings involving the parties in Oregon, Maine, Connecticut, and Florida. To the extent Plaintiff's reply memorandum references matters other than that which took place in Clackamas County or the Connecticut investigation into

OPINION AND ORDER                9

consumer complaints of unfair trade practices, Plaintiff has conceded this motion.

- Motion No. 8: Defendants moved to strike portions of page 22 and 23 of Plaintiff's reply memorandum, wherein Plaintiff discusses the dismissal of Hoffman's husband from the Clackamas County litigation and alleges that Hoffman has transferred assets in order to prevent Plaintiff from collecting on its judgments. Plaintiff has conceded this motion, with exception of any reference to expenses incurred in the Clackamas County proceeding or this case.

- Motion No. 9: Defendants moved to strike portions of page 36 and 37 of Plaintiff's reply memorandum, wherein Plaintiff references legal expenses incurred by Plaintiff and alleges that Defendants have attempted to shield themselves from execution on the lien and collection of the Clackamas County judgments. Plaintiff has conceded this motion, with exception of any reference to expenses incurred in the Clackamas County proceeding or this case.

- Motion No. 10: Defendants moved to strike footnote 19 of Plaintiff's reply memorandum, which references the itemization of proceedings involving the parties in Oregon, Maine, Connecticut, and Florida. Plaintiff has conceded this motion, with exception of any reference to expenses incurred in the Clackamas County proceeding or this case.

I turn now to Defendants' remaining evidentiary objections. Defendants moved to strike two exhibits attached to Dierking's supplemental declaration, *i.e.*, an appraisal of Plaintiff's business (Exhibit 3) and information regarding its financial

OPINION AND ORDER                10

history (Exhibit 4); and paragraphs 6, 7, and 14 of Dierking's supplemental declaration. The objectionable material relates to Hoffman's husband and the fact that Plaintiff claims its business's financial growth was stunted as a result of the counterclaims being filed in the Clackamas County proceeding.

In short, Defendants' remaining evidentiary objections are denied as moot because I either found it unnecessary to rely on the objectionable material or the objections raised were duplicative of the summary judgment standard itself. *See Ross v. Indep. Living Res. of Contra Costa*, No. C08-00854 TEH, 2010 WL 2898773, at *2 n.1 (N.D. Cal. July 21, 2010) (denying evidentiary objections as moot because the court did not rely on the evidence to which the objections were lodged); *see also Burch v. Regents of the Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) ("A court can award summary judgment only when there is no genuine dispute of *material* fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant.")

Plaintiff has also objected to exhibits attached to Felstiner and Hoffman's declarations on the ground that they "are not, nor can they be, presented in a form that would be admissible in evidence." (Pl.'s Reply at 17.) Because these exhibits had no bearing on my analysis, Plaintiff's objections are overruled as well.

### *IV. DISCUSSION*

Under Oregon law, the elements of a claim for wrongful initiation of a civil proceeding are as follows:

> (1) The commencement and prosecution by the defendant of a judicial proceeding against the plaintiff;

OPINION AND ORDER            11

  (2) The termination of the proceeding in the plaintiff's favor;

  (3) The absence of probable cause to prosecute the action;

  (4) The existence of malice, or as is sometimes stated, the existence of a primary purpose other than that of securing an adjudication of the claim; and

  (5) Damages.

*Roop v. Parker Nw. Paving, Co.*, 194 Or. App. 219, 237-38 (2004), *rev. den.*, 338 Or. 374, 110 P.3d 113 (2005).

  The commencement and prosecution element pertains to the person "who is the primary catalyst for the proceeding and is not limited to the party who formally initiates it." *Checkley v. Boyd*, 170 Or. App. 721, 737 (2002). Such an understanding "prevents one who wrongfully uses a civil proceeding . . . from being shielded from liability merely because that person was not the party who formally filed the action." *Id.* In the state court proceeding, the counterclaims were formally commenced on behalf of Sunrise and Sage Advice. Nevertheless, I agree with Plaintiff that, even though Hoffman did not formally initiate the proceeding, she was an active participant which, according to *Checkley*, satisfies the initiation element. *See also* Restatement (Second) of Torts § 674 (noting that an active participant is one who "sets the machinery of the law in motion, whether he acts in his own name or in that of a third person, or whether the proceedings are brought to enforce a claim of his own or that of a third person.")

  Defendants do not contest this assertion. (*See* Defs.'Mem. Supp. at 3) ("The uncontradicted evidence in this case is that defendant Hoffman and her attorneys subjectively believed that there was a good chance of prevailing on the counterclaims at the

OPINION AND ORDER     12

1  time the pleading was filed[.]")  Instead, Defendants claim they
2  have seen no authority establishing that the assertion of a
3  counterclaim constitutes the commencement and prosecution of a
4  judicial proceeding.  (Defs.' Opp'n at 3.)  This argument lacks
5  merit.  According to section 674 of the Restatement Second of
6  Torts, "one who files a counterclaim to a cause of action initiates
7  a civil proceeding." Restatement (Second) of Torts § 674 cmt. a
8  (1977).  Because Oregon courts consider the Restatement, "along
9  with its comments, to be an instructive authority in this area,"
10 *Roop*, 194 Or. App. at 238 n.12, I conclude that the initiation
11 element is met.  *See also* ORCP 18 (indicating that asserting a
12 claim for relief includes asserting an original claim or
13 counterclaim).

14     The second element is whether the proceeding terminated in
15 Plaintiff's favor.  It appears evident that this element is met
16 here and Defendants do not argue otherwise.

17     As to the third element, the Oregon Court of Appeals has
18 stated, "[p]robable cause means that the person initiating the
19 civil action reasonably believes that he or she has a good chance
20 of prevailing-that is, he or she has a subjective belief, and that
21 belief is objectively reasonable." *Pereira*, 230 Or. App. at 674
22 (internal quotation marks omitted).[5]

23     Plaintiff contends that the doctrine of issue preclusion bars
24 Defendants from asserting they had probable cause to prosecute

---

26     [5] "Whether a defendant had probable cause to initiate a proceeding is a question of law for the court if the facts or
27 inferences are undisputed; if the facts are disputed, then a jury must decide the facts and the court must instruct the jury what
28 facts constitute probable cause." *Id.* at 675.

OPINION AND ORDER            13

their first counterclaim. The preclusive effect of an Oregon judgment is described in *Dodd v. Hood River County*, 136 F.3d 1219, 1225 (9th Cir. 1998). Under Oregon law, issue preclusion applies when:

    (1) The issue in the two proceedings is identical;

    (2) The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding;

    (3) Defendants had a full and fair opportunity to be heard on that issue;

    (4) Defendants were parties in or were in privity with a party to the prior proceeding; and

    (5) The prior proceeding was the type of proceeding to which Oregon courts will give preclusive effect.

*See Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 104, 862 P.2d 1293 (1994) (citations omitted).

ORS 43.160 codifies the common law, *Tarlow v. Landye Bennett Blumstein LLP*, 209 Or. App. 171, 174 (2006), and "[b]y the statute's plain terms, when the face of a judgment or order in a prior proceeding demonstrates that a matter was actually determined, the determination is preclusive." *Westwood Construction Co. v. Hallmark Inns*, 192 Or. App. 624, 636 (2002).

Here, Plaintiff has not identified, nor has research revealed, any decision in which an Oregon appellate court decided whether findings that arise out of a proceeding under ORS 20.105 are to be given preclusive effect. *Tarlow* provides little guidance here.

In *Tarlow*, the defendants moved for summary judgment, arguing that the doctrine of issue preclusion barred a wrongful initiation claim because the plaintiff's request for an enhanced prevailing

OPINION AND ORDER               14

party was denied in a prior ORS 20.190(3) proceeding.[6] *Tarlow*, 209 Or. App. at 173. The trial court granted summary judgment, ruling in a letter opinion as follows:

> 1) Plaintiff's claim of wrongful initiation of civil proceedings requires that malice be proven on the part of the defendants.
>
> 2) That in the prior proceeding . . . [, the court] determined that neither plaintiff Oldroyd [n]or her attorneys (defendants in this action) acted in a reckless, wilful or malicious manner. This conclusion was reached pursuant to [plaintiff's] request for enhanced prevailing attorney fees.
>
> 3) The court has examined the Oldroyd case file and determined that the issues raised by [plaintiff] in the prior proceedings are the same issues that are the basis of this wrongful initiation of civil proceedings case.
>
> 4) Consequently, this court concludes that the issues in the two proceedings are identical; that the [malice] issue was actually litigated and essential to a final decision on the merits in the prior proceedings; that [plaintiff] had a full and fair opportunity to be heard; and that [plaintiff] was a party in the prior case.
>
> 5) This court also concludes [that] the prior proceeding requesting enhanced prevailing party fees is the type to which the Oregon courts will give preclusive effect.

*Id.* at 174 (alterations in the original).

On appeal, the plaintiff argued that the trial court erred in applying the doctrine of issue preclusion because the issues of bad faith and malice (the fourth element of a wrongful initiation claim) were not actually litigated. *Id.* The plaintiff argued, in effect, that he did not have a full and fair opportunity to be

---

[6] ORS 20.190(3) provides: "[I]n any civil action or proceeding in a circuit court in which recovery of money or damages is sought, the court may award to the prevailing party up to an additional $5,000 as a prevailing party fee." Or. Rev. Stat. § 20.190(3) (2009). In making this determination, Oregon courts consider, *inter alia*, "the conduct of the parties . . . , including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal." *Id.* § 20.190(3)(a).

OPINION AND ORDER           15

heard on that issue because of the ancillary nature of the ORS 20.190 proceeding, which did not involve the examination of live witnesses. *Id.* at 175. Because the trial court's grant of summary judgment was correct on different grounds, the Court of Appeals in *Tarlow* declined to decide whether findings that arise out of a proceeding under ORS 20.190 should be given preclusive effect. *Id.*

In short, I am not inclined to express an opinion whether findings that arise out of a proceeding under ORS 20.105 should be given preclusive effect. This is not an issue which has been squarely addressed by the Oregon appellate courts, nor has the record been adequately developed regarding the Clackamas County proceeding in order to make such a determination. I would rather reserve the substantive treatment of this issue for a later date when the record of the court proceedings before Judge Maurer are better developed in this court.

The fourth element of Plaintiff's claim for wrongful initiation of civil proceedings is "malice, or as is sometimes stated, the existence of a primary purpose other than that of securing adjudication of the claim." *Roop*, 194 Or. App. at 238. It is true "that the law will permit the jury to draw an inference of malice in most cases where a want of probable cause is found." *Alvarez v. Retail Credit Ass'n of Portland, Or., Inc.*, 234 Or. 255, 264 (1963). However, "malice, unlike probable cause, is a question for the jury." *Gustafson v. Payless Drug Store*, 269 Or. 354, 366 (1974); *Erlandson v. Pullen*, 45 Or. App. 467, 478 (1980).

Plaintiff argues that the court should find that issue preclusion bars Defendants from revisiting the issue of malice or improper purpose. Plaintiff claims "Hoffman's malice or []

OPINION AND ORDER             16

improper purpose in presenting the wrongful counterclaims, <u>is identical</u> to the issue confronting the trial court when it awarded attorney fees pursuant to ORS 20.105(1)." (Pl.'s Mem. Supp. at 19.) I disagree. ORS 20.105 provides that a prevailing party against whom a claim is brought is entitled to reasonable attorney fees "to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim defense or ground for appeal." OR. REV. STAT. § 20.105(1) (2009). ORS 20.105 makes no mention of malice. Accordingly, Plaintiff's motion for partial summary judgment is denied on this ground.

The last element is that of damage. The legislature adopted ORS 30.230(1), which provides, "[i]n order to bring a claim for wrongful use of a civil proceeding against another, a person shall not be required to plead or prove special injury beyond the expense and any other consequences normally associated with defending against unfounded legal claims." OR. REV. STAT. § 30.230(1) (2009). When the essential elements of a cause of action for wrongful civil proceedings have been established, the plaintiff is entitled to recover, *inter alia*, reasonable attorney fees; costs incurred in defending against the proceedings; and "*any other loss of a pecuniary character* that [the plaintiff can prove] resulted from the initiation of the civil proceedings." Restatement (Second) of Torts § 681 cmt. d and e; *Pereira*, 230 Or. App. 640 at 675 n.9.

Here, Plaintiff "does not seek damages for attorney fees and costs that were previously awarded . . . by virtue of the [state] court's Supplemental Judgment." (Pl.'s Mem. at 22.) Instead,

OPINION AND ORDER             17

Plaintiff "prays for other consequential damages . . . that were a consequence of and 'normally associated with' [Plaintiff] defending against Defendants' unfounded legal counterclaims." (*Id.*) Specifically, Plaintiff claims they "lost time and productivity of its CEO in the reasonable and necessary sum of $4,895.09"; "lost staff time in the reasonable and necessary sum of $182.24"; and "expended reasonable and necessary costs for materials in the sum of $355.33." (*Id.*)  Plaintiff also seeks $200,000 in punitive damages.

Defendants' arguments regarding damages are two-fold. First, Defendants argue that Plaintiff's claim for damages fails because Plaintiff "has presented no evidence of any legally compensable or judicially recognizable loss which [P]laintiff sustained." (Defs.' Opp'n at 12.)  Second, Defendants argue that Plaintiff was adequately compensated for costs incurred as a result of the filing of the counterclaims via the enhanced prevailing party fee of $5,500 awarded by the Clackamas County Circuit Court. (*Id.* at 13.)

In Oregon, enhanced prevailing party fees are based on the consideration of the following factors:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
>
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
>
> (c) The extent to which an award of a larger prevailing party fee in the case would deter others from asserting good faith claims or defenses in similar cases.
>
> (d) The extent to which an award of a larger prevailing party fee in the case would deter others from asserting meritless claims and defenses.

>    (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
>
>    (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
>
>    (g) Any award of attorney fees made to the prevailing party as part of the judgment.
>
>    (h) Such other factors as the court may consider appropriate under the circumstances of the case.

OR. REV. STAT. § 20.190 (2009).

Absent a specific finding under subsection (h), the foregoing factors do not suggest that parties are compensated for costs incurred as a result of the filing of claim which lacks probable cause. That said, although it is a rather trivial amount, Defendants' own damage expert has stated, "I have reviewed the declaration that says that Liberty Natural expended $281.00 in reasonable and necessary printing costs and $74.33 in reasonable and necessary discovery expenses for a total of $355.33 in material expenses allocated to the defense of the counterclaims. It is my opinion that to the extent the corporation can establish the $355.33, that would represent a legitimate expense of the corporation." (Phillips Decl. at 3.) Because these costs would almost certainly qualify as costs incurred in defending against, or "other loss of a pecuniary character" that resulted from, Hoffman's initiation of the civil proceeding, Defendants' cross-motion for summary judgment is denied on this ground.

Although Plaintiff's exhibits demonstrate that they incurred $355.33 in costs, Plaintiff has not definitively established that these costs were incurred as a result of Defendants' filing of counterclaims, as opposed to the pursuit of Plaintiff's own claims

OPINION AND ORDER            19

in state court. The parties have also presented conflicting testimony regarding the legitimacy of the damages Plaintiff attributes to lost CEO and staff time.

In short, there are questions of fact regarding entitlement to some types of damages and the amount of all claimed damages.

## VI. CONCLUSION

For the reasons stated above, Plaintiff's motion (dkt. #33) for partial summary judgment is **GRANTED** in part and **DENIED** in part; Defendants' cross-motion (dkt. #51) for summary judgment is **DENIED;** Defendants' motion (dkt. #72) for leave is **GRANTED;** and Defendants' motion (dkt. #77) to strike is **GRANTED** in part and **DENIED** in part.

IT IS SO ORDERED.

Dated this 11th day of April, 2012.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
Unites States Magistrate Judge

OPINION AND ORDER          20